UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04271-CAS(SHx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | TRENDY CONTINUE, INC. V. YOUR RUNWAY, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT BEE 3 STARS CORP.'S (ERRONEOUSLY SUED AS FASHIONGO.NET) MOTION TO DISMISS (Dkt. #8, filed July 1, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 4, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Trendy Continue, Inc. filed this action on June 3, 2014 against defendants Your Runway, Lashowroom.com, Bee 3 Stars Corp. (erroneously sued as Fashiongo.net), and Does 1 through 10. Dkt. #1. In brief, plaintiff alleges that it is in the business of creating and developing original artwork for use on garments. Compl. ¶ 12. Plaintiff alleges that it owns the copyright in two designs, identified as PNC-00364, and PNC-00502 (the "Subject Designs"). Id., Ex. A. According to plaintiff, defendants have infringed its copyrights in the Subject Designs by copying them, and then producing, distributing, and selling fabric and/or garments that incorporate them. Id. ¶ 17, Ex. B. Plaintiff also alleges that defendants had access to the Subject Designs. Id. ¶ 16. Based on these allegations, plaintiff asserts two claims, one for copyright infringement and the other for contributory copyright infringement. Id. ¶¶ 15-29.

On July 1, 2014, defendant Bee 3 Stars Corp. filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).[1] Dkt. #8. On

---

[1] Bee 3 Stars states that Fashiongo.net is the URL for a website, which is owned by Bee 3 Stars. Mot. Dismiss at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04271-CAS(SHx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | TRENDY CONTINUE, INC. V. YOUR RUNWAY, ET AL | | |

July 21, 2014, plaintiff filed an opposition, dkt. #14, and Bee 3 Stars replied on that same date, dkt. #15.[2]  After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires that an affirmative pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this rule is to ensure that a complaint provides a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).

### B.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be

---

[2] In its reply brief, Bee 3 Stars contends that plaintiff's opposition brief was untimely filed, and should therefore be stricken.  The Court declines to strike plaintiff's opposition brief.  However, plaintiff is admonished to comply with the Local Rules regarding the deadlines for filing of briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04271-CAS(SHx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | TRENDY CONTINUE, INC. V. YOUR RUNWAY, ET AL | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04271-CAS(SHx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | TRENDY CONTINUE, INC. V. YOUR RUNWAY, ET AL | | |

### III.  ANALYSIS

Bee 3 Stars contends that the complaint fails to state a claim for copyright infringement or contributory copyright infringement because the complaint is "exceptionally vague" about the alleged copyright infringement and thus lacks "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 507.

The Court first turns to plaintiff's claim for direct infringement. Although the allegations in the complaint are not detailed, the Court finds that it pleads enough facts to state a plausible claim for relief. Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014). A copyright infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). Moreover, "a presumption of copying of plaintiff's work by defendants arises where plaintiff offers proof that the author of defendants' work had a reasonable opportunity to gain access to plaintiff's work and the two works are substantially similar in their protectible expression." Shaw v. Lindheim, 809 F. Supp. 1393, 1402 (C.D. Cal. 1992). Here, plaintiff alleges that it is the owner of valid copyrights, which defendant accessed and copied for use on garments that it subsequently manufactured and sold. Compl. ¶¶ 13-14, 16-17. These allegations are sufficient to give rise to a presumption of copying, and are therefore "plausibly suggestive" of an entitlement to relief. See Moss, 572 F.3d at 969.

Bee 3 Stars asserts similar arguments as to why plaintiff's contributory copyright infringement claim is deficient. "One contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." Perfect 10, Inc. v. Visa Intern. Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007). Here, plaintiff has alleged that defendants "if not directly liable for infringement . . . are vicariously liable for said infringements because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." Compl. ¶ 18. These allegations, like plaintiff's allegations of direct infringement, are not exceptionally detailed but are sufficient to put Bee 3 Stars on notice of the substance of plaintiff's claim. Accordingly, the Court also finds that plaintiff states a claim for contributory copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04271-CAS(SHx) | Date | July 31, 2014 |
| Title | TRENDY CONTINUE, INC. V. YOUR RUNWAY, ET AL | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to dismiss.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |